Objection Deadline: August 13, 2013 at 4:00 p.m. (prevailing Eastern Time)
Hearing Date: August 20, 2013 at 10:00 a.m. (prevailing Eastern Time)

Edwin J. Harron, Esq.
Daniel F.X. Geoghan, Esq.
Young Conaway Stargatt & Taylor, LLP
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
eharron@ycst.com

-and-

Sara Beth A.R. Kohut, Esq.
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
skohut@ycst.com

Proposed Counsel to the Proposed
Future Claimants' Representative

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re:                                                          :
                                                                :  Chapter 11
RAPID-AMERICAN CORPORATION,                                     :
                                                                :  Case No. 13-10687 (SMB)
                                        Debtor.                 :
---------------------------------------------------------------- x

## APPLICATION FOR ORDER AUTHORIZING THE PROPOSED FUTURE CLAIMANTS' REPRESENTATIVE TO RETAIN AND EMPLOY YOUNG CONAWAY STARGATT & TAYLOR, LLP, *NUNC PRO TUNC* TO JULY 11, 2013

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

Lawrence Fitzpatrick, as the proposed legal representative for future claimants (the "Future Claimants' Representative") in the above-captioned case, for his application (the

"Application") for an order pursuant to sections 105(a), 327, 524(g) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Future Claimants' Representative to retain and employ Young Conaway Stargatt & Taylor, LLP ("Young Conaway" or the "Firm") as his attorneys, *nunc pro tunc* to July 11, 2013, respectfully represents:

## JURISDICTION

1. On March 8, 2013 (the "Commencement Date"), the Debtor commenced this case under chapter 11 of the Bankruptcy Code. The Debtor is authorized to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtor's chapter 11 case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a), 327, 524(g), and 1103 of the Bankruptcy Code.

4. Contemporaneously herewith, the Debtor is submitting to this Court the Debtor's Motion for Entry of an Order Approving and Authorizing the Appointment of Lawrence Fitzpatrick as the Future Claimants' Representative (the "FCR Motion").

## RELIEF REQUESTED

5. Contingent on the Court's entering an order approving the FCR Motion and appointing Mr. Fitzpatrick as the Future Claimants' Representative, the Future Claimants'

Representative respectfully requests the entry of an order authorizing him to retain and employ as his attorneys the law firm of Young Conaway.

## APPLICABLE AUTHORITY

6.  Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

7.  Section 1103(a) of the Bankruptcy Code provides, in relevant part, as follows:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

8.  Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys . . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a

verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

9. In other chapter 11 cases, legal representatives for future claimants have been authorized to retain counsel to assist them in performing their duties in the bankruptcy proceedings. See, e.g., In re Johns-Manville Corporation, Ch. 11 Case No. 82-B-11656 (BRL) (Bankr. S.D.N.Y. August 14, 1984); In re Keene Corporation, Ch. 11 Case No. 93-B-46090 (SMB) (Bankr. S.D.N.Y. 1994); In re The Babcock & Wilcox Company, Ch. 11 Case No. 00-10092 (Bankr. E.D. La. 2000); In re Pittsburgh Corning Corporation, Ch. 11 Case No. 00-22876 (JKF) (Bankr. W.D. Pa. 2000); In re Federal-Mogul Global Inc., Ch. 11 Case No. 01-10578 (Bankr. D. Del. 2001); In re USG Corporation, Ch. 11 Case No. 01-2094 (RJN) (Bankr. D. Del. 2001); In re ACandS, Inc., Ch. 11 Case No. 02-12687 (RJN) (Bankr. D. Del. 2002); In re Kaiser Aluminum Corporation, Ch. 11 Case No. 02-10429 (JKF) (Bankr. D. Del. 2002); In re North American Refractories Co., Ch. 11 Case No. 02-20198 (JKF) (Bankr. W.D. Pa. 2002); In re Global Industrial Technologies, Inc., Ch. 11 Case No. 02-21626 (JKF) (Bankr. W.D. Pa. 2002); In re Met-Coil Systems, Corp., Ch. 11 Case No. 03-12676 (MFW) (Bankr. D. Del. 2003); In re Mid-Valley, Inc., Ch. 11 Case No. 03-35592 (JKF) (Bankr. W.D. Pa. 2003); In re The Flintkote Company, Ch. 11 Case No. 04-11300 (JKF) (Bankr. D. Del. 2004); In re Durabla Mfg. Company, Ch. 11 Case No. 09-14415 (MFW) (Bankr. D. Del. 2009); In re Specialty Products Holding Corp., Ch. 11 Case No. 10-11780 (JKF) (Bankr. D. Del. 2010); In re Leslie Controls, Inc., Ch. 11 Case No. 10-12199 (CSS) (Bankr. D. Del. 2010); In re United Gilsonite Laboratories, Ch. 11 Case No. 11-2032 (Bankr. M.D. Pa. 2011); In re Metex Mfg. Corp., Ch. 11 Case No. 12-14554 (BRL) (Bankr. S.D.N.Y. 2012); In re Yarway Corp., Ch. 11 Case No. 13-11025 (BLS) (Bankr. D. Del. 2013). As disclosed below and in the accompanying Declaration

of Edwin J. Harron, Young Conaway is counsel to the legal representative in certain of these cases, among others.

10.  Young Conaway is a general practice, litigation-oriented firm which maintains a national, regional and local practice in the areas of corporate, bankruptcy, commercial, real estate, personal injury, employment and environmental law. Young Conaway was selected by the Future Claimants' Representative because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. Moreover, Young Conaway has substantial experience in bankruptcy cases affecting the rights of mass-tort asbestos claimants:

(a)  Young Conaway represented the legal representative for future claimants in the following asbestos bankruptcy cases that reached confirmation: In re Celotex Corp., Ch. 11 Case Nos. 90-100016-8B1 and 90-100017-8B1 (Bankr. M.D. Fla.); In re Armstrong World Indus., Inc., Ch. 11 Case No. 00-4471 (Bankr. D. Del.); In re Babcock & Wilcox Co., Ch. 11 Case No. 00-10092 (Bankr. E.D. La.); In re Owens Corning, Ch. 11 Case No. 00-3837 (Bankr. D. Del.); In re Federal-Mogul Global Inc., Ch. 11 Case No. 01-10578 (Bankr. D. Del.); In re USG Corp., Ch. 11 Case No. 01-2094 (RJN) (Bankr. D. Del); In re ACandS Inc., Case No. 02-12687 (RJN) (Bankr. D. Del.); In re Global Industrial Techs., Inc., Ch. 11 Case No. 02-21626 (JKF) (Bankr. W.D. Pa.); In re Kaiser Alum. Corp., Case No. 02-10429 (JKF) (Bankr. D. Del.); In re North American Refractories Co., Case No. 02-20198 (JKF) (Bankr. W.D. Pa.); In re Porter-Hayden Co., Ch. 11 Case No. 02-54152 (SD) (Bankr. D. Md.); In re Mid-Valley, Inc., Ch.

11 Case No. 03-35592 (JKF) (Bankr. W.D. Pa.); In re Durabla Mfg. Co., Ch. 11 Case No. 09-14415 (MFW) (Bankr. D. Del.); and In re Leslie Controls, Inc., Ch. 11 Case No. 10-12199 (CSS) (Bankr. D. Del.). In addition, Young Conaway represented the legal representative for future claimants exposed to tetrochloroethylene in In re Met-Coil Sys. Corp., Ch. 11 Case No. 03-12676 (MFW) (Bankr. D. Del.).

(b) Young Conaway currently represents the legal representative for future claimants in the pending bankruptcy cases of In re Pittsburgh Corning Corp., Ch. 11 Case No. 00-22876 (JKF) (Bankr. W.D. Pa.); In re The Flintkote Co., Ch. 11 Case No. 04-11300 (JKF) (Bankr. D. Del.); In re Specialty Products Holding Corp., Ch. 11 Case No. 10-11780 (JKF) (Bankr. D. Del.); In re United Gilsonite Labs., Ch. 11 Case No. 11-2032 (Bankr. M.D. Pa.); In re Metex Mfg. Corp., Ch. 11 Case No. 12-14554 (BRL) (Bankr. S.D.N.Y.); and In re Yarway Corp., Ch. 11 Case No. 13-11025 (BLS) (Bankr. D. Del.).

(c) Young Conaway represents the legal representative for future claimants in connection with asbestos personal injury settlement trusts established from the ACandS, Babcock & Wilcox, Celotex, Durabla, Federal-Mogul, Global Industrial Techs., Kaiser, Leslie, North American Refractories Co., and Porter-Hayden bankruptcy cases. In addition, Young Conaway represents the legal representative for future claimants in connection with the asbestos and silica settlement trusts established from the Mid-Valley (DII Industries, LLC) bankruptcy case and previously represented the

    legal representative for future claimants in connection with the asbestos and silica settlement trusts established in the <u>In re Swan Transp. Co.</u>, Ch. 11 Case No. 01-11690 (JKF) (Bankr. D. Del.) bankruptcy case. Young Conaway also represents the legal representative for future claimants in connection with the Met-Coil TCE Trust, of which Mr. Fitzpatrick is the sole trustee.

(d)  Young Conaway also represented the debtor in the asbestos-related chapter 11 case of <u>In re Fuller-Austin Insulation Co.</u>, Ch. 11 Case No. 98-2028 (JJF) (Bankr. D. Del.), for which a plan was confirmed in 1998.

(e)  Of the foregoing matters, Mr. Fitzpatrick is the legal representative for future claimants in the pending bankruptcy cases of <u>Pittsburgh Corning</u> and <u>Metex Mfg.</u> Mr. Fitzpatrick also served as the legal representative for future claimants in the cases of <u>ACandS</u>, <u>Durabla</u>, <u>Global Industrial Techs.</u>, and <u>North American Refractories Co.</u>, and continues to serve as the legal representative in connection with the trusts established through those cases. In those capacities, Mr. Fitzpatrick has been and is represented by Young Conaway.

11.  Accordingly, the Future Claimants' Representative believes that Young Conaway is well qualified to represent him in this chapter 11 case.

### SERVICES TO BE PROVIDED

12.  The services that Young Conaway will perform will enable the Future Claimants' Representative to execute his duties and responsibilities in connection with this chapter 11 case. Subject to further orders of this Court, Young Conaway will render the following services, among others, to the Future Claimants' Representative:

(a)  Providing legal advice with respect to the Future Claimants' Representative's powers and duties;

(b)  Taking any and all actions necessary, including prosecuting litigation, to protect and maximize the value of the Debtor's estate for the purpose of making distributions to Future Claimants and to represent the Future Claimants' Representative in connection with negotiating, formulating, drafting, confirming and implementing a plan(s) of reorganization, and performing such other functions as are set forth in section 1103(c) of the Bankruptcy Code or as are reasonably necessary to effectively represent the interests of the Future Claimants;

(c)  Preparing, filing, and prosecuting, on behalf of the Future Claimants' Representative, necessary complaints, applications, motions, objections, answers, orders, reports and other legal papers in connection with the administration of the estates in this case; and

(d)  Performing any other legal services and support requested by the Future Claimants' Representative in connection with this chapter 11 case.

13.  Young Conaway has agreed to act on the Future Claimants' Representative's behalf in all of the above-listed respects.

14.  Young Conaway intends to apply for compensation for professional services rendered in connection with this case and for reimbursement of actual and necessary expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court, including the Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Chapter 11

Professionals and Committee Members entered April 3, 2013 (Doc. No. 47). The attorneys and paralegals presently designated to represent the Future Claimants' Representative and their current standard hourly rates are:

| | |
|---|---|
| Edwin J. Harron (Partner) | $675 per hour |
| Daniel F.X. Geoghan (Partner) | $585 per hour |
| Sara Beth A.R. Kohut (Associate) | $410 per hour |
| Chad Corazza (Paralegal) | $150 per hour |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Future Claimants' Representative in connection with the matters herein described.

15. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone toll and facsimile charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

16.     Young Conaway understands that its fees and expenses in this chapter 11 case will be subject to the requirements of sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and any order entered by this Court establishing procedures for interim compensation and reimbursement of expenses of professionals, including the Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Chapter 11 Professionals and Committee Members entered April 3, 2013 (Doc. No. 47).

17.     Young Conaway has agreed to look solely to funds in the Escrow Account for payment of its fees and expenses incurred in connection with this bankruptcy case.[1]

18.     Young Conaway has informed the Future Claimants' Representative that, except as otherwise disclosed herein and in the annexed Declaration of Edwin J. Harron. (the "Harron Declaration"), Young Conaway represents no other entity in connection with this case, and is disinterested as that term is defined in section §101(14) of the Bankruptcy Code.

## BEST INTERESTS OF THE ESTATES

19.     Young Conaway's bankruptcy and restructuring attorneys are, in the Future Claimants' Representative's view, highly skilled and experienced in reorganizations pursuant to Bankruptcy Code Section 524(g). The Future Claimants' Representative therefore believes that the retention of Young Conaway, *nunc pro tunc* to July 11, 2013, is in the best interest of the Debtor, its estate and creditors, as well as in the best interest of the Future Claimants.

## NOTICE

20.     Notice of this Application was provided by either electronic transmission, facsimile, overnight delivery, or hand delivery to: (a) the Office of the United States Trustee for

---

[1] The term "Escrow Account" as used herein is defined and more particularly described in the *Motion of the Debtor for Order Authorizing the Continued Use of Bank Accounts and Business Forms* [D.I. 7].

the Southern District of New York; (b) the Debtor; (c) counsel to the Debtor; (d) counsel to the Official Committee of Unsecured Creditors; (e) all other parties listed on the Master Service List; and (f) all entities that have requested notice under Fed. R. Bankr. P. 2002.

## NO PREVIOUS REQUEST

21.   No previous request for the relief sought in this Application has been made to this or any other Court.

WHEREFORE, the Future Claimants' Representative requests entry of an order authorizing him to employ and retain the firm of Young Conaway to represent him in this chapter 11 case, *nunc pro tunc* to July 11, 2013, and granting such other and further relief as is just and proper.

/s/ *Lawrence Fitzpatrick*

Dated:  July 30, 2013

Lawrence Fitzpatrick
Proposed Future Claimants' Representative