UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
In re:                                          :
                                                :       Chapter 11
    RAPID-AMERICAN CORP.,          :       Case No.: 13-10687
                                                :
                   Debtor.         :
-------------------------------------------------X

## ORDER DENYING *EX PARTE* MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION TO SELL ITS MIDLAND CLAIMS

    The debtor seeks to sell two claims pursuant to 11 U.S.C. § 363(b) and (f) that have been allowed in the aggregate amount of $10 million in the liquidation proceedings of Midland Insurance Company. The debtor has filed an *ex parte* motion to file portions of its sale motion as well as the entire sale agreement and annexed exhibits under seal, (*see Ex Parte Motion of the Debtor Pursuant to 11 U.S.C. §§ 107(b) and 105(a) and Fed. R. Bankr. P. 9018 for Authority to (I) File Documents Under Seal and (II) Redact Commercially Sensitive, Nonpublic Information*, Dec. 13, 2017 (ECF Doc. # 926)), notwithstanding that certain of the annexed exhibits are already filed on the Court's docket and/or are patently non-confidential. According to the sealing motion, the information is confidential because the debtor and the purchaser, presumably at the latter's assistance, "have agreed that keeping the name of the Purchaser, the terms of the sale, specifically, the purchase price, confidential, are necessary to maintain the value of the transaction." (*Id.* at ¶ 14.)

    There is a strong presumption and public policy in favor of public access to court records, *see, e.g., Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597–98 (1978); *United States v. Amodeo,* 71 F.3d 1044, 1048 (2d. Cir.1995), "rooted in the public's First Amendment right to know about the administration of justice." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 26 (2d Cir.1994) (stating that public access "helps safeguard 'the integrity, quality, and respect in our judicial system,' and permits the public 'to keep a watchful eye on the workings of public agencies' " (internal citations omitted)). Bankruptcy Code § 107(a), which states that any paper filed in a case is a public record and open to examination, reinforces the general presumption in favor of public filing. *Geltzer v. Andersen Worldwide, S.C.*, No. 05 Civ. 3339(GEL), 2007 WL 273526 at *3 (S.D.N.Y. Jan. 30, 2007) (Lynch, J.).

Section 107(b) contains an exception to public disclosure to protect, *inter alia*, "commercial information." "Commercial information has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Orion Pictures Corp.*, 21 F.3d at 27 (quoting *Ad Hoc Protective Comm. for 10 1/2% Debenture Holders v. Itel Corp. (In re Itel Corp.),* 17 B.R. 942, 944 (9th Cir. BAP 1982)). The exception is narrow, and "a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *Id.* The moving party bears the burden of demonstrating that the information it is seeking to protect from public viewing is both commercial and confidential. *In re Oldco M Corp.,* 466 B.R. 234, 237 (Bankr.S.D.N.Y.2012); *In re Northwest Airlines Corp.,* 363 B.R. 704, 706 (Bankr.S.D.N.Y.2007).

The debtor has failed to sustain its burden. In a sense, all information relating to a commercial transaction is "commercial information." Moreover, the parties insist on confidentiality. Nevertheless, "[t]he 'commercial information' exception is not intended to offer a safe harbor for those who crave privacy or secrecy for its own sake. Instead, it protects parties from the release of information that could cause them harm or give competitors an unfair advantage." *Gowan v. Westford Asset Mgmt. LLC* (*In re Dreier LLP*), 485 B.R. 821, 823-24 (Bankr. S.D.N.Y. 2013); *accord Togut v. Deutsche AG* (*In re Anthracite Capital, Inc.*), 492 B.R. 162, 178 (Bankr. S.D.N.Y. 2013). The debtor has not even made the effort to show that the disclosure of the redacted information will harm either party or place either party at a competitive disadvantage. Even if such evidence existed, the concern could be overcome simply by redacting the name of the purchaser while including other relevant information, specifically, the sale price. Moreover, the proposed sale is to be private although the evidence submitted by the debtor shows that other parties were interested in purchasing the claim. At a minimum, those other parties should receive notice of the proposed sale and offered an opportunity

to outbid the proposed purchaser.

Accordingly, the *ex parte* motion to file portions of the sale motion and accompanying documents under seal is denied.

So ordered.

Dated:  New York, New York
December 15, 2017

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge